UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

JERRY POWERS, an Individual,

      Plaintiff,

vs.

NICHE MEDIA HOLDINGS, LLC.,
A Nevada limited liability company

      Defendant.

_____/

### DEFENDANT NICHE MEDIA HOLDINGS, LLC'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant Niche Media Holdings, LLC, moves to dismiss Plaintiff Jerry Powers' Verified Complaint for Declaratory and Injunctive Relief ("Comp."). Counts I and II should be dismissed as the relief sought is and has always been moot, and there is no case or controversy. Defendant has made no effort to prevent the publication of IE2 by the Overtown Youth Center, a fact known to both the Overtown Youth Center and Plaintiff.[1] Further, even if Defendant had taken such action, Plaintiff is without standing to contest it. Count IV should be dismissed as that claim is not ripe for judicial review and no relief is sought which the Court may, or should, grant. Accordingly, these three counts should be dismissed under Fed. R. Civ. Pro. 12(b)(1) and (6). Finally, this action must be dismissed or transferred pursuant to 28 U.S.C. §1404 or §1406 as the real gravamen of

---

[1] Defendant has been a long-time and substantial supporter of the Alonzo Mourning Charities (which include the Overtown Youth Center), will continue to be a supporter, and has no intention of bringing a claim against that organization or its member charities. To be certain that the message is loud and clear, Defendant is sending a copy of this memorandum to the Overtown Youth Center.

MICHAEL S. OLIN, P.A.
Alfred I. DuPont Building, Suite 1224, 169 East Flagler Street, Miami, Florida 33131

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

Plaintiff's claim here revolves around his obligations under the Asset Purchase Agreement, and that Agreement provides that venue is appropriate only in Nevada.[2]

## I.  Introduction

Plaintiff has fabricated an issue about the Overtown Youth Center where none exists.  He has done so as a public relations maneuver - he obviously went right to the press upon filing this claim[3] - to provide cover for the real issue he "also," Comp.¶ 4, wants to resolve - his baseless attempt to avoid the obligations that he is contractually bound to honor.

He asserts that there is an emergency.  There is none.[4]  He further asserts that Defendant has made "false statements and threatened legal action" to stop publication of IE2.  See Comp. ¶1.  It has not.  And finally, he claims that he is entitled to a preemptive, mandatory injunction supporting his wholly meritless claim that he is free to "work in the for-profit, luxury magazine business" as of November 1, 2009, when the restrictive

---

[2]      Defendant will not here address the considerable shortcomings in Plaintiff's legal and factual position that he should be free to disregard the contractual obligations to which he freely committed himself in return for the very substantial consideration he received from the sale of Ocean Drive Magazine and his continued employment.  Those matters will be taken up at a later time.

[3]      The filing was immediately reported in the Miami Herald, the New York Post, and on other internet based sites.

[4]      Plaintiff's Emergency Motion for Preliminary Injunction should be denied out of hand.  Defendant, as noted, is not standing in the way of publication of IE2 by the Overtown Youth Center, and any other relief Plaintiff seeks is neither emergent nor ripe. If the Court does choose to schedule a hearing on this motion, Defendant would like the opportunity to take discovery before the hearing.

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

covenants in the Asset Purchase Agreement expire. He cannot.

Whether Plaintiff's involvement in the IE2 endeavor violates his obligations to the Defendant (it has and does), and whether he persists in continued violation of those obligations, will apparently now be litigated. Had Defendant intended to stop publication of IE2, it would have been Defendant invoking the jurisdiction of this Court. Defendant did not. Plaintiff's motivation for filing a complaint using the Overtown Youth Center for cover is apparent.

## II. Alleged Facts

The relevant facts alleged by Plaintiff (though by no means conceded by Defendant), in brief, are these. Plaintiff is subject to certain restrictive covenants contained in an Asset Purchase Agreement (by which Plaintiff sold his interest, among others, in Ocean Drive Media Group, Inc. ("ODMG"), to Defendant) an Employment Agreement (by which Plaintiff remained employed by the Defendant after the sale) and a Severance Agreement. *See* Comp. ¶¶ 1, 9, 10, 15 and 20. The threat of legal action against Plaintiff and certain allegedly false statements have "jeopardized" the planned publication of IE2, a magazine created by teenagers at the Overtown Youth Center, with which Plaintiff was assertedly involved on a volunteer basis. *Id.* at ¶2. Plaintiff admittedly solicited advertiser customers of Defendant to participate and place ads in IE2. *See id.* at ¶28. Plaintiff then asserts that Defendant allegedly contacted individuals associated

MICHAEL S. OLIN, P.A.
Alfred I. DuPont Building, Suite 1224, 169 East Flagler Street, Miami, Florida 33131

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

with IE2 and either implied or expressly stated that Defendant "intends to sue *Mr. Powers*[5]

to enjoin his involvement with the publication of this magazine." *Id.* at ¶ 3 (emphasis

added). *See also id.* at ¶32. Plaintiff further contends that the restrictive covenants to

which he is subject are governed by the Asset Purchase Agreement and expire on

November 1, 2009. *See* Comp. ¶¶ 12, 22 ("The restrictive covenants ...under the APA are

controlling").[6]

### III.  Legal Standard

Failure to allege the threat of real and immediate injury to the moving party is fatal

to a claim for preliminary injunctive relief, because there is no justiciable controversy, and

dismissal under Fed. R. Civ. Pro. 12(b)(1) is required. *Elend v. Sun Dome, Inc.*, 370 F.

Supp. 2d 1206 (M.D. Fla. 2005) *affirmed* 471 F.3d 1199 (11th Cir. 2006). "The party

invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v.

Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiffs must allege "a personal stake

in the outcome of the controversy" that justifies the federal court's invocation of its

jurisdiction and its use of its remedial powers over the case. *Elend*, supra, 370 F. Supp.

2d at 1209 (quoting *Baker v. Carr*, 369 U.S. 186 (1962)). To establish standing, Plaintiff

(1) must have sustained an "injury in fact," meaning "an invasion of a legally protected

---

[5]      Critically, he does not allege, and could not allege, that Defendant "intends
to sue" the Overtown Youth Center.

[6]      For some reason, Plaintiff also makes a point of putting his personal
background at issue. Comp. ¶ 2 and 5. Mr. Powers has a storied history, though, and this
history, to the extent relevant, is far less than stellar.

4

---

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

interest," and that injury must be "concrete and particularized . . . and actual or imminent," not conjectural or hypothetical, (2) must establish a causal connection between the injury and the challenged conduct, and (3) must show that it is "likely" and not merely speculative that the injury will be redressed by a favorable decision. *Id.* (citing *Lujan*, 504 U.S. at 560-61).

Further, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resources Defense Counsel, Inc.*, 129 S. Ct. 365, 375, 172 L.Ed. 2d 249 (2008). Such irreparable harm must be "*likely* in the absence of an injunction," not merely possible. *Id.* The Eleventh Circuit has held that irreparable harm is "the *sine qua non* of injunctive relief." *Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville,* 896 F.2d 1283, 1285 (11th Cir.1990) *rev'd on standing grounds,* 508 U.S. 656 (1993). *See also Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 909 F.2d 480, 486 (11th Cir.1990) (affirming denial of preliminary injunction even though plaintiff established likelihood of success because plaintiff failed to meet the burden of proving irreparable injury). In order to qualify as irreparable harm, "the injury must be neither remote nor speculative, but actual and imminent." *Northeastern Florida Chapter of Ass'n of General Contractors,* supra, 896 F.2d at 1285. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay" do not reach the actual and imminent standard. *Sampson v. Murray,* 415 U.S. 61,

5

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").  "When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek prospective relief even if he has suffered a past injury." *31 Foster Children v. Bush*, 329 F.3d 1255, 1265 (11th Cir.2003), *cert. denied,* 540 U.S. 984 (2003).

## IV.  Argument

Quite obviously, Plaintiff  tries to make his meritless argument – that he should be released from the restrictive covenants for which he was richly compensated – more appealing by shamelessly cloaking it in the good works of the Overtown Youth Center. Indeed, it is not until the very end of the fourth paragraph of his Preliminary Statement that Plaintiff admits his real purpose here.  Comp. ¶ 4.  This will not do.  Nothing that Defendant has done or is doing stands in the way of the publication of IE2 by the Overtown Youth Center.  Defendant has not, and will not, bring an action of any kind against the Overtown Youth Center if it chooses to publish IE2.  Of course, even Plaintiff is not brazen enough to suggest that the opposite is true.  Instead, he alleges that the threat of an action *against him* has chilled the publication of IE2.  *See* Comp. ¶3.  This is neither true nor logical, and thus fails to state a claim upon which injunctive relief can be granted under Count II.

A close reading of the Complaint lays bare the factual inadequacy of Plaintiff's claim for injunctive relief in Count II.  Plaintiff alleges repeatedly that individuals associated with Defendant "stated or implied that [Defendant] is planning to sue Mr. Powers," *id. at* ¶32,

MICHAEL S. OLIN, P.A.
Alfred I. DuPont Building, Suite 1224, 169 East Flagler Street, Miami, Florida 33131

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

and made telephone calls to say that Defendant "is planning to institute legal action against [Plaintiff]." *Id.* at ¶33. Taking these statements as true for purposes of this Motion, Plaintiff has failed to state an adequate basis for injunctive relief. Plaintiff does not, and cannot, allege that anyone on behalf of Defendant said that legal action would be brought against the Overtown Youth Center. His conclusory statement that publication of IE2 is held up because of the potential for legal action *against him* does not follow logically. Plaintiff has failed to allege any facts that would demonstrate that Defendant is engaged in any actions that threaten imminent and irreparable harm to him or anyone else, and thus he alleges nothing which the Court has the power to enjoin. Without the allegation of a more direct connection between the potential for legal action by Defendant against Plaintiff and the alleged delay in the publication of IE2, Plaintiff's claim cannot stand. If Plaintiff thinks that he can make that claim more directly, then he should do so.

Moreover, Plaintiff lacks standing to seek injunctive relief on behalf of IE2. He has not alleged a personal stake in the publication of IE2. He does not allege that he stands to benefit from its distribution in any way. Indeed, he has gone out of his way to state the opposite. He has thus failed to state "a personal stake in the outcome of the controversy" with regard to the publication of IE2. *See Elend*, supra, 370 F. Supp. 2d at 1209. The proper party to seek injunctive relief, if such were necessary, is the Overtown Youth Center. Of course, it has not, because no injunctive relief is required. For all of the

7

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

foregoing reasons, Count II should be dismissed.[7]

Count IV is fatally infirm, and also must be dismissed. Plaintiff seeks a preliminary injunction "determining that the subject non-competition and non-solicitation restrictions expire on November 1, 2009." Comp. ¶58. He does not even include a request for such injunctive relief in the "Relief Requested" section of the Complaint. Instead, he asks only for declaratory relief. This framing of the issue is telling – Plaintiff cannot set forth what conduct by Defendant he would have enjoined under Count IV. As the Court in *Elend* noted,

> The conclusion that the plaintiffs' request for prospective relief is not fit for judicial decision is underscored by the plaintiffs' inability at the hearing to articulate meaningful terms for an injunction. Under [Fed. R. Civ. Pro. 65(d)] an injunction "shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained."

*Id.* at 1211.

Plaintiff's claim in Count IV for injunctive relief is simply not ripe. *Id.* at 1210 (noting that standing and ripeness often overlap and collapse into each other). "The central concern [of the ripeness doctrine] is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." 13A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3532, p. 112.

---

[7]    Count I, seeking declaratory relief couched as a request that the Court provide an after-the-fact approval of Plaintiff's involvement with IE2, is subject to the same infirmity. Plaintiff has already violated his contractual obligations, or not (according to him). There is nothing for the Court to declare now. Plaintiff has, for example, *already* solicited, as he admits, Defendant's advertisers. When Defendant asserts a claim against Plaintiff the issue can be litigated.

MICHAEL S. OLIN, P.A.
Alfred I. DuPont Building, Suite 1224, 169 East Flagler Street, Miami, Florida 33131

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

*See also Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)

("The ripeness doctrine protects federal courts from engaging in speculation or wasting

their resources through the review of potential or abstract disputes."). "In deciding whether

an issue is ripe, a court must evaluate both the fitness of the issues for judicial decision

and the hardship to the parties of withholding court consideration." *Elend*, supra, 370 F.

Supp. 2d at 1210 (citing *The Association for Children for Enforcement of Support, Inc. v.*

*Conger,* 899 F.2d 1164, 1165 (11th Cir.1990)).   There is as yet no injury, as even by

Plaintiff's reading of the restrictive covenants, they continue in force until November 1,

2009.  Plaintiff has alleged no connection between an injury and Defendant's conduct,

because there is neither injury nor conduct.  *Id.* at 1209.  *See also Georgia Advocacy*

*Office, Inc. v. Camp*, 172 F.3d 1294, 1298 (11th Cir. 1999) (whether claim is ripe may be

determined from whether there is a concrete and extant Article III injury).  Plaintiff has

alleged no irreparable harm he will suffer if injunctive relief is not granted.  *Winter*, supra,

129 S. Ct. at 375.  Plaintiff does not appear to ask the Court to enjoin Defendant from

bringing suit to enforce its rights, nor could he legitimately do so.  Plaintiff has alleged no

hardship to himself if the Court withholds consideration of his request  for injunctive relief.

*See Elend*, supra, 370 F. Supp. 2d at 1212.  Accordingly, for all of these reasons, Count

IV should be dismissed.

Finally, Count III seeks declaratory relief finding that the restrictive covenants in the

Asset Purchase Agreement govern Plaintiff's conduct, that the covenants in the

Employment Agreement are irrelevant because they are inconsistent, and that he thus may

9

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

enter the "luxury magazine business" on November 1, 2009.  In short, because he left Defendant's employ in the first two years of his employment, Plaintiff claims he is governed only by the time restrictions of the Asset Purchase Agreement.  Accordingly, he seeks a declaration that his future conduct is restricted only by those time limitations.

The Asset Purchase Agreement contains an exclusive forum selection clause designating Nevada as the forum for all disputes.  *See* Exhibit 1 to Comp. at section 10.7. Defendant disagrees with Plaintiff's interpretation that the Employment Agreement and Severance Agreement are irrelevant, and that Plaintiff may enter the luxury magazine business anytime after November 1, 2009.  But venue, and this motion to dismiss or transfer, are governed by the complaint.  Plaintiff's claim that he is restricted only by the time limits in the Asset Purchase Agreement thus must be litigated in Nevada, not here.[8] *See* Fla. Statute §§685.101, 685.102 (2007); *Krenkel v. Kerzner Intern. Hotels, Ltd.*, _____ F.3d _____, 2009 WL 2513645 (11th Cir. August 19, 2009).

## V.  Conclusion

For the reasons set forth above, Counts I, II and IV should be dismissed.  Count III should be dismissed or the action transferred to Nevada.

---

[8]    The Employment Agreement also has a forum selection clause designating Miami-Dade County, but Plaintiff is not suing upon this agreement.  He is trying to avoid it.

MICHAEL S. OLIN, P.A.
Alfred I. DuPont Building, Suite 1224, 169 East Flagler Street, Miami, Florida 33131

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

Respectfully submitted,

David M. Buckner, Esq.
Fla. Bar No.
**KOZYAK TROPIN & THROCKMORTON, P.A.**
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL 33134
(305) 372-1800 / Fax (305) 372-3508

      - And -

**MICHAEL S. OLIN, P.A.**
Alfred I. DuPont Building, Suite 1224
169 East Flagler Street
Miami, Florida  33131
(305) 677-5088 / Fax (305) 677-5089

By:    s/Michael  S. Olin
        MICHAEL S. OLIN
        Florida Bar No. 220310

11

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


          s/ Michael S. Olin
          MICHAEL S. OLIN

MICHAEL S. OLIN, P.A.
Alfred I. DuPont Building, Suite 1224, 169 East Flagler Street, Miami, Florida 33131

CASE NO. 09-22616 CIV-SEITZ/O'SULLIVAN

### SERVICE LIST

Robert C. Gilbert, Esq.
Alters Boldt Brown Rash & Culmo
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137

Bruce S. Rogow, Esq.
Alters Boldt Brown Rash & Culmo, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, FL 33137

David M. Buckner, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th FL
Miami, FL 33134

13